**Pearl J. ZELINGER,**
**Plaintiff–Appellant,**

**v.**

**COLUMBIA SAVINGS AND LOAN AS-**
**SOCIATION, a Colorado Corporation,**
**Defendant–Appellee.**

**No. 86CA1612.**

Colorado Court of Appeals,
Div. VII.

Sept. 15, 1988.

Rehearing Denied Oct. 13, 1988.

Certiorari Granted (Columbia)
Feb. 21, 1989.

Podoll & Podoll, P.C., Robert B. Podoll, Denver, for plaintiff-appellant.

Silverman and Gelman, P.C., Scott Gelman, Denver, for defendant-appellee.

PIERCE, Judge.

Pearl Zelinger (Zelinger) appeals the judgment holding that Columbia Savings and Loan Association (Columbia) had a right of set-off against an account in which she had a beneficial interest. We reverse and remand.

The pertinent facts in this case are that Clara Hayutin (Hayutin) established a revo-

cable trust account with Columbia and named her daughters, Gloria Springer (Springer) and Zelinger, as beneficiaries. Thereafter, Hayutin borrowed $30,000 against the account and signed a note for that amount.

Later, Springer borrowed additional amounts against the account and signed a note for $65,000. At the time of that loan, Hayutin's note was marked "paid" and returned. However, upon Hayutin's death, Columbia sought to set off Hayutin's $30,000 loan against the account before paying the beneficiaries. The trial court allowed the set off, finding that the parties had intended Hayutin to remain obligated for that amount.

■ Zelinger contends that Hayutin's note was discharged so that no set-off was permissible. We agree.

Section 4-3-605, C.R.S. (1987 Cum.Supp.) provides:

"(1) The holder of an instrument may even without consideration discharge any party:

(a) In any manner apparent on the face of the instrument or the indorsement, as by intentionally cancelling the instrument or the party's signature by destruction or mutilation, or by striking out the party's signature; or

(b) By renouncing his rights by a writing signed and delivered or by surrender of the instrument to the party to be discharged."

*See also Safe Deposit Bank & Trust Co. v. Berman,* 393 F.2d 401 (1st Cir.1968).

Here, it is undisputed that Hayutin's note was marked "paid" and returned to her. Thus, Columbia discharged Hayutin and had no right to a set-off.

■ Contrary to the trial court's determination, Springer's note was not a renewal of Hayutin's note. A renewal note only postpones the repayment date of a loan. *Williams v. Illinois Trust & Savings Bank,* 109 Ill.App.3d 828, 65 Ill.Dec. 499, 441 N.E.2d 412 (1982). Here, additional funds were loaned and the obligor was changed. *See generally Green Shoe Manufacturing Co. v. Farber,* 712 P.2d 1014 (Colo.1986) (discussing whether there was a new lease created or an old lease amended).

■ Further, the intentions of the parties to the note determine whether a renewal loan discharges the obligation of the old note. *Haley v. Austin,* 74 Colo. 571, 223 P. 43 (1924). Also, the burden of proof is on the party who alleges that an apparent cancellation was unintentional or a mistake. *Sweeney v. First Virginia Bank,* 224 Va. 579, 299 S.E.2d 858 (1983). The fact that the note was surrendered to the maker is entitled to great weight. *See* § 4-3-601(3)(a), C.R.S. (Official Comment).

■ Here, Hayutin's and Columbia's intent are critical to the issue whether Hayutin was discharged. Contrary to the trial court's statement, Hayutin's intent was not clear, as no evidence was presented on her intent. Moreover, Columbia's conduct contradicted any intent to hold Hayutin liable. Columbia has shown nothing more than a unilateral mistake in accepting Springer's personal note. Even if Springer's intent were relevant, the only evidence was that she signed a personal note which covered the amount loaned to Hayutin, indicating Springer intended that Hayutin be discharged. Therefore, we find no support for the trial court's findings as to the parties' intent.

The judgment allowing the set-off is reversed and the cause is remanded to correct the judgment.

STATLER and CALVERT, JJ.,* concur.

* Sitting by assignment of the Chief Justice under provisions of the *Colo.Const.,* art. VI, Sec. 5(3), and § 24-51-1105, C.R.S. (1987 Cum.Supp.).